IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 2:10-CR-55-WKW |
| | ) | [WO] |
| THERRAL HATFIELD | ) | |

## ORDER

A federal grand jury indicted Defendant Therral Hatfield in 2010. A petit jury then convicted him. Mr. Hatfield now moves "for an *in camera* review of the grand jury record and hearing." (Doc. # 251.) But that motion is due to be denied.

## I. BACKGROUND

In April 2010, a grand jury indicted Mr. Hatfield for kidnapping, *see* 18 U.S.C. § 1201(a)(1), and possessing a firearm in furtherance of a crime of violence, *see id.* § 924(c)(1)(A). (Doc. # 9.) The grand jury added a second kidnapping charge in its July 2010 superseding indictment. (Doc. # 48.) After a petit jury found Mr. Hatfield guilty on all counts (Doc. # 148, at 196–98), the court sentenced him to 384 months in prison (Doc. # 186, at 2). The Eleventh Circuit affirmed on direct appeal. *United States v. Hatfield*, 466 F. App'x 775 (11th Cir. 2012) (per curiam).

Since his conviction, Mr. Hatfield has repeatedly moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. The court has denied each motion. *See Hatfield v. United States*, No. 13-cv-324, 2015 WL 6438349 (M.D. Ala. Oct. 21,

2015); *Hatfield v. United States*, No. 13-cv-324, 2018 WL 4323919 (M.D. Ala. Sept. 10, 2018); *Hatfield v. United States*, No. 16-cv-510, 2019 WL 1573694 (M.D. Ala. Apr. 11, 2019).

In July 2019, Mr. Hatfield moved "for an *in camera* review of the grand jury record and hearing." (Doc. # 251.) The United States opposes that motion; it wants to keep the grand jury record secret. (Doc. # 253.) The motion is now ripe.

## II. DISCUSSION

"Grand jury proceedings . . . have long been protected by a veil of secrecy." *United States v. Phillips*, 843 F.2d 438, 441 (11th Cir. 1988). The reason is simple: The "proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings." *Douglas Oil Co. of Cal. v. Petrol Stops Nw.*, 441 U.S. 211, 218 (1979); *id.* at 218 n.9 ("The rule of grand jury secrecy . . . is an integral part of our criminal justice system.").

Federal Rule of Criminal Procedure 6(e) "codifies this secrecy principle and prohibits the disclosure of grand jury material except in the limited circumstances provided for in Rule 6(e)(3)." *United States v. Aisenberg*, 358 F.3d 1327, 1346–47 (11th Cir. 2004).[1] The only exception that could even possibly apply here is one providing that a court "may authorize disclosure . . . preliminarily to or in connection

---

[1] The court also has "inherent authority to act outside Rule 6(e)(3)," but that authority "is exceedingly narrow and exists only in exceptional circumstances." *Aisenberg*, 358 F.3d at 1347. No exceptional circumstances exist here.

with a judicial proceeding." Fed. R. Crim. P. 6(e)(3)(E)(i).[2] But before a court may authorize disclosure under that exception, Mr. Hatfield must show: (1) the material he seeks "is needed to avoid a possible injustice in another judicial proceeding"; (2) "the need for disclosure is greater than the need for continued secrecy"; and (3) his "request is structured to cover only material so needed." *Aisenberg*, 358 F.3d at 1348 (quoting *Douglas Oil Co.*, 441 U.S. at 222).

To satisfy the second requirement, Mr. Hatfield "must show a compelling and particularized need for disclosure." *Id.* That is, he must show "circumstances [have] created certain difficulties peculiar to this case, which could be alleviated by access to *specific* grand jury materials, without doing disproportionate harm to the salutary purpose of secrecy embodied in the grand jury process." *Id.* at 1348–49 (quoting *United States v. Elliott*, 849 F.2d 554, 558 (11th Cir. 1988)). An overbroad request will not do. *See United States v. Davis*, 721 F. App'x 856, 861 (11th Cir. 2018) (per curiam). And material should not "be released for the purpose of a fishing expedition or to satisfy an unsupported hope of revelation of useful information." *United Kingdom v. United States*, 238 F.3d 1312, 1321 (11th Cir. 2001) (quoting *United*

---

[2] This exception "contemplates only uses related fairly directly to some identifiable litigation, pending or anticipated." *United States v. Baggot*, 463 U.S. 476, 480 (1983). Because Mr. Hatfield has already filed a direct appeal and several § 2255 motions, the court cannot identify what litigation Mr. Hatfield may bring. That is another reason not to grant his motion. *See United States v. Dames*, 697 F. App'x 643, 643–44 (11th Cir. 2017) (per curiam); *United States v. Garcia*, 311 F. App'x 314, 316 (11th Cir. 2009) (per curiam).

*States v. Rockwell Int'l Corp.*, 173 F.3d 757, 760 (10th Cir. 1999)).

Mr. Hatfield's motion does not show a compelling and particularized need for disclosure. He offers a conclusory allegation that prosecutors did not disclose grand jury testimony that could have aided his defense at trial. (Doc. # 251, at 2.) But his barebones allegation does not give the court any reason to believe that it is based on more than mere speculation. That does not pass muster. *See United States v. Collins*, 676 F. App'x 830, 831 (11th Cir. 2017) (per curiam) ("General or unsubstantiated allegations do not satisfy the particularized need requirement."). It also appears that Mr. Hatfield wants to access the entire grand jury record. If that is the case, then his request is not particularized. *Aisenberg*, 358 F.3d at 1348.[3]

## III. CONCLUSION

For the reasons above, Defendant Therral Hatfield's motion "for an *in camera* review of the grand jury record and hearing" (Doc. # 251) is DENIED.

DONE this 14th day of August, 2019.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE

---

[3] The only opinion that Mr. Hatfield cites is about the consequences of failing to record grand jury testimony. *See United States v. Cramer*, 447 F.2d 210, 221–22 (2d Cir. 1971) (Oakes, J., dissenting). That dissenting opinion does not apply here.