IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| THERRAL HATFIELD, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CASE NO. 2:20-CV-439-WKW |
| | ) [WO] |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## **MEMORANDUM OPINION AND ORDER**

Petitioner Therral Hatfield obtained authorization under 28 U.S.C. § 2244(b)(3)(a) from the Eleventh Circuit Court of Appeals to file a second or successive 28 U.S.C. § 2255 motion. This is that motion. (Doc. # 1.) In light of the United States Supreme Court's decision in *Davis v. United States*, 139 S. Ct. 2319 (2019), Hatfield moves the court to vacate his conviction and sentence for using a firearm in connection with a "crime of violence," in violation of 18 U.S.C. § 924(c). The Government agrees that Hatfield is entitled to relief on his § 2255 motion. (Doc. # 8, at 16.) Based upon careful consideration of the briefing and the governing law, Hatfield's motion is due to be granted.

In November 2010, a jury returned a verdict finding Hatfield guilty on counts one, two, and three of the superseding indictment. *United States v. Hatfield*, No. 2:10-CR-55-WKW (M.D. Ala. 2011) (Doc. # 126). Count three, which is the subject

of Hatfield's instant motion, charged him with using a firearm in connection with a crime of violence. *Id*. (Doc. # 48). Hatfield's convictions for kidnapping, in violation of 18 U.S.C. § 1201(a)(1), on counts one and two served as the predicate crime of violence supporting his § 924(c)(1)(A) conviction. *Id*. (Doc. # 48). Pursuant to the guilty verdict, Hatfield was sentenced to 384 months' imprisonment, consisting of 300 months on counts one and two to run concurrently, and eighty-four months on count three to run consecutively to counts one and two. *Id*. (Doc. # 186, at 2).

Eight years after Hatfield was sentenced, in *Davis*, the Supreme Court held that § 924(c)'s residual clause was unconstitutionally vague. 139 S. Ct. at 2336. In striking down that part of the statute, the *Davis* court reasoned: "Respect for due process and the separation of powers suggests a court may not, in order to save Congress the trouble of having to write a new law, construe a criminal statute to penalize conduct that it does not clearly proscribe." *Id*. at 2333. And in *In re Hammoud*, the Eleventh Circuit held that *Davis* announced a new substantive rule of constitutional law that applies in cases on collateral review. 931 F.3d 1032 (11th Cir. 2019).

Based upon *Davis* and *In Re Hammoud*, Hatfield filed this § 2255 motion. Hatfield is correct that, under *Davis* and *In Re Hammoud*, his convictions for kidnapping no longer count as predicate offenses under § 924(c)'s residual clause.

With the residual clause off the table, the parties agree that Hatfield is entitled to relief because kidnapping does not qualify as a crime of violence under § 924(c)'s "elements clause."  *See* § 924(c)(3)(A) (defining crime of violence as a crime that "[h]as as an element the use, attempted use, or threatened use of physical force against the person or property of another").  That agreement, at least as confined to the facts of this case, finds support in Eleventh Circuit precedent.

Specifically, in *United States v. Gillis*, the Eleventh Circuit held that a conviction for kidnapping under § 1201(a) does not necessarily entail the "use, attempted use, or threatened use of physical force against property or against the person of another" for the purposes of a conviction pursuant to 18 U.S.C. § 373.  938 F.3d 1181, 1210 (11th Cir. 2019) (quotations omitted).  While the court reached this conclusion in the context of § 373's "force clause," it noted that § 373 and § 924(c)(3)(A), the statute at issue here, shared nearly identical language.  *See Id*. at 1199 – 1200.  Thus, the holding in *Gillis* dictates that Hatfield's convictions for federal kidnapping do not qualify as a crime of violence under § 924(c)(3)(A).

This finding is consistent with how other district courts in this circuit have interpreted *Gillis* when deciding whether a conviction for federal kidnapping constitutes a crime of violence under § 924(c)(3)(A).  *See Robinson v. United States*, No. 12-cr-90-KDC, 2019 WL 4855161, at *7 (S.D. Ala. Sept. 30, 2019) (finding, in light of *Gillis*, that "federal kidnapping under § 1201(a)(1) does not categorically

qualify as a crime of violence under the elements clause in § 924(c)(3)(A)"); *Hines v. United States*, No. 16-cv-511-MHT, 2019 WL 4780789 (M.D. Ala. Sept. 30, 2019) (same); *United States v. Dugas*, No. 3-cr-29-MCR, 2020 WL 535696, at *3 (N.D. Fla. Jan. 31, 2020) (same).

To sum up, the court finds that the habeas petition should be granted as to Hatfield's § 924(c) conviction and sentence, first, based on the United States Supreme Court's holding in *Davis*, 139 S. Ct. at 2336, that § 924(c)'s residual clause is unconstitutionally vague; and second because Hatfield's underlying convictions for kidnapping do not qualify as a crime of violence under the elements clause of § 924(c)(3)(A). Accordingly, it is ORDERED as follows:

(1) Hatfield's 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence (Doc. # 1) is GRANTED.

(2) Hatfield's 18 U.S.C. § 924(c) judgment of conviction (Count Three) in *United States v. Hatfield*, No. 2:10-CR-55-WKW (M.D. Ala. 2011) (Doc. # 186), is VACATED.

(3) The sentence, entered in *United States v. Hatfield*, No. 2:10-CR-55-WKW (M.D. Ala. 2011), is VACATED. *See United States v. Davis*, 784 F. App'x 277, 278 (5th Cir. 2019) (vacating the defendants' 924(c) judgments of conviction and remanding to the district court for resentencing in full).

(4)  The Clerk of the Court is DIRECTED to file this Memorandum Opinion and Order, along with the accompanying Final Judgment, in *United States v. Hatfield*, No. 2:10-CR-55-WKW (M.D. Ala. 2011).

(5)  A resentencing hearing will be set by separate order in Hatfield's criminal case.

(6)  The Clerk of the Court is DIRECTED to furnish copies of this Order to counsel, to the United States Probation Office, and to the United States Marshal.

An appropriate judgment will be entered.

DONE this 4th day of November, 2020.

                                    /s/ W. Keith Watkins
                          UNITED STATES DISTRICT JUDGE