IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 2:10-CR-55-WKW |
| | ) | [WO] |
| THERRAL HATFIELD | ) | |

**ORDER**

In accordance with the Memorandum Opinion and Order and Final Judgment in *Hatfield v. United States*, No. 2:20-CV-439-WKW (M.D. Ala. Oct. 21, 2020), copies of which have been filed in this criminal case (Doc. # 262); (Doc. # 263), it is ORDERED as follows:

(1) Defendant's judgment of conviction under 18 U.S.C. § 924(c) (Doc. # 186) is VACATED.

(2) Defendant's sentence entered on July 7, 2011 (Doc. # 186) is VACATED. *See United States v. Davis*, 784 F. App'x 277, 278 (5th Cir. 2019) (vacating the defendants' 924(c) judgments of conviction and remanding to the district court for resentencing in full).

(3) A resentencing hearing in this case is set for **10:30 a.m. on January 27, 2021,** in courtroom 2-F of the Frank M. Johnson, Jr. U.S. Courthouse, in Montgomery, Alabama. Hatfield shall remain in custody pending resentencing. The

United States Marshal is DIRECTED to arrange for Hatfield's appearance at this hearing, and the Clerk of the Court is DIRECTED to provide a court reporter.

(4) The parties are DIRECTED to file briefs on or before December 15, 2020 addressing which version of the advisory Sentencing Guidelines governs at the resentencing hearing.[1]  The parties also should provide proposed guidelines calculations under the guidelines in effect at the time of the original sentencing hearing *and* under the current guidelines.  However, if the parties agree that the guidelines calculations are the same under either version of the guidelines and so state in a joint filing, then the parties need not file briefs addressing which version of the Guidelines applies and should provide proposed guidelines calculations only under the guidelines that will be in effect on the date of resentencing.

---

[1] The parties should address whether 18 U.S.C. § 3742(g)(1) requires the use of the guidelines in effect at the time of Hatfield's original sentencing or whether 18 U.S.C. § 3553(a)(4)(A)(ii) requires the use of the guidelines in effect at the time of resentencing. *Compare* § 3742(g)(1) (When conducting a resentencing hearing on remand, the district court "shall apply the guidelines . . . that were in effect on the date of the previous sentencing of the defendant prior to the appeal, together with any amendments thereto by any act of Congress that was in effect on such date . . . ."); *United States v. Bordon*, 421 F.3d 1202, 1207 (11th Cir. 2005) ("[T]he district court properly used the 1998 version of U.S.S.G. § 2S1.1 because that was the version of the Guidelines in effect on the date of the Bordons' previous sentencing, prior to their first and second appeals."), *with* § 3553(a)(4)(A)(ii) (providing that, in fashioning a sentence, the district court should consider the guidelines, "except as provided in section 3742(g), [that] are in effect on the date the defendant is sentenced"); *United States v. Tidwell*, 827 F.3d 761, 764 (8th Cir. 2016) (holding that when the resentencing hearing is not based on a remand, but rather on a *de novo* resentencing under § 2255, the district court "applie[s] the guidelines in effect at the time of resentencing, not at the time of the original sentencing," pursuant to § 3553(a)(4)(A)(ii)); and U.S.S.G. § 1B1.11(a) ("The court shall use the Guidelines Manual in effect on the date that the defendant is sentenced.").

(5) The deadlines in Federal Rule of Criminal Procedure 32 are modified to expedite the resentencing hearing. The United States Probation Office shall prepare an addendum to the PSR, which includes information on Hatfield's post-conviction conduct, and shall disclose the addendum to Defendant, counsel for Defendant, the Government, and the court on or before December 15, 2020. Any objections to the PSR addendum shall be filed under seal within seven days of the addendum's disclosure.

(6) The Clerk of the Court is DIRECTED to furnish copies of this order to counsel, to the United States Probation Office, and to the United States Marshal.

DONE this 4th day of November, 2020.

/s/ W. Keith Watkins  
UNITED STATES DISTRICT JUDGE