IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 2:10-CR-55-WKW |
| | ) | [WO] |
| THERRAL HATFIELD | ) | |

## MEMORANDUM OPINION AND ORDER

### I. INTRODUCTION

Defendant, who is serving a 240-month sentence on his federal kidnapping convictions, has a projected release date of June 29, 2027. *See* Find an Inmate, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited Oct. 27, 2021). Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), Defendant is seeking an early release from federal prison based on what he contends are extraordinary and compelling reasons. (Doc. # 294; *see also* Docs. # 302, 303.) The Government filed a response in opposition to his motion (Doc. # 307) to which Defendant replied (Docs. # 310, 314). For the reasons to follow, the motion is due to be denied.

### II. DISCUSSION

"[C]ourts are generally forbidden from altering a sentence once it becomes final." *United States v. Bryant*, 996 F.3d 1243, 1251 (11th Cir. 2021), *petition for cert. filed*, No. 20-1732 (U.S. June 15, 2021). Exceptions to this general prohibition lie "only when authorized by a statute or rule." *United States v. Puentes*, 803 F.3d

597, 606 (11th Cir. 2015).  One such statutory provision, which commonly is referred to as the "compassionate release" provision, is 18 U.S.C. § 3582(c)(1)(A). It offers courts a narrow reprieve to reduce a sentence:  As pertinent here, courts, on a defendant's motion, "may reduce the term of imprisonment" after considering all relevant factors in 18 U.S.C. § 3553(a), "if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A)(i).

The policy statements that apply to § 3582(c)(1)(A) are found in U.S.S.G. § 1B1.13.  *See* U.S.S.G. § 1B1.13.  Section 1B1.13 "governs all motions under Section 3582(c)(1)(A)," including those filed by inmates, and, therefore, "district courts may not reduce a sentence under Section 3582(c)(1)(A) unless a reduction would be consistent with 1B1.13." *Bryant*, 996 F.3d at 1262 (citing § 1B1.13). A sentence reduction must be consistent with § 1B1.13's definition of "extraordinary and compelling reasons," which delineates four qualifying categories:  (A) a defendant's medical condition, which includes a "serious physical or medical condition"; (B) a defendant's age; (C) a defendant's family circumstances; and (D) a catch-all provision for "other reasons . . . [a]s determined by the Director of the Bureau of Prisons." § 1B1.13, cmt. n.1(A)–(D).  The catch-all provision, as its text signifies, "does not grant discretion to courts to develop 'other reasons' that might

justify a reduction in a defendant's sentence." *Bryant*, 996 F.3d at 1248; *see also id.* at 1262–65. Hence, application notes 1(A), (B), and (C) to § 1B1.13 constrain district courts in determining whether a defendant has established extraordinary and compelling reasons justifying a sentence reduction. In addition to mandating a determination that extraordinary and compelling reasons warrant a reduction, § 1B1.13 requires a judicial determination that "the defendant is not a danger to the safety of any other person or to the community." § 1B1.13(2).

In sum, § 3582(c)(1)(A), as relevant here, contains three preconditions:

> [B]y dint of § 3582(c)(1)(A)'s plain text, a district court may reduce a term of imprisonment if (1) the § 3553(a) sentencing factors favor doing so, (2) there are "extraordinary and compelling reasons" for doing so, and . . . (3) doing so wouldn't endanger any person or the community within the meaning of § 1B1.13's policy statement.

*United States v. Tinker*, No. 20-14474, 2021 WL 4434621, at *2 (11th Cir. Sept. 28, 2021). *Tinker* held that a district court can examine these three conditions in any order it chooses. *Id.* If even one of these conditions is rejected, then a defendant is not entitled to a sentence reduction. *Id.* The defendant bears the "burden to establish that he qualifie[s] for compassionate release." *United States v. Smith*, 856 F. App'x 804, 806 (11th Cir. 2021) (citing *United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013)).

Section 3582(c)(1)(A) also contains an exhaustion requirement:

> The court, . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the

> Bureau of Prisons to bring a motion on the defendant's behalf or [after] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . .

§ 3582(c)(1)(A). This "exhaustion requirement is not jurisdictional[,]" but instead "is a claim-processing rule." *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021).

While Defendant has demonstrated exhaustion of administrative remedies, Defendant's motion fails on all three of § 3582(c)(1)(A)'s conditions for obtaining compassionate release. Each is discussed.

**A.    Exhaustion of administrative remedies**

The issue surrounding Defendant's exhaustion of administrative remedies has been resolved. The Government now concedes that Defendant exhausted his administrative remedies and that his "motion is ripe for consideration." (Doc. # 303, at 2.)

**B.    Extraordinary and compelling reasons**

Defendant offers several reasons he contends are extraordinary and compelling. One of those reasons focuses on the risks COVID-19 pose to his health in light of "his history of high blood pressure." (Doc. # 294, at 2.) The remaining reasons challenge the sufficiency of the trial evidence to support his convictions. (Doc. # 294, at 3–4; Doc. # 302, at 1–2.)

### 1. *The sufficiency of the evidence*

Defendant's challenges to the sufficiency of the evidence to sustain his convictions do not amount to extraordinary and compelling reasons for a sentence reduction. Defendant argues that other circuits have granted sentence reductions under § 3582(c)(1)(A) "where an error occur[s] but defendant has no avenue to bring such claim unto the Court . . . ." (Doc. # 294, at 4.) Even if Defendant is correct, that is not the law of this circuit. As the Eleventh Circuit recently held in *Bryant*, only the BOP Director can find "other reasons" for compassionate release under § 1B1.13's catch-all provision in application note 1(D). *See* 996 F.3d at 1264 (citing § 1B1.13 cmt. n.1(D)). Defendant's challenges to the sufficiency of the evidence are not grounds articulated in § 1B1.13's application notes 1(A) through 1(C), which address "medical, age, and family circumstances." *Id.* at 1262. Because these challenges are not explicitly identified in § 1B1.13's application notes 1(A) through 1(C), *see id.* at 1265, this court lacks authority to examine whether they fit within the catch-all exception.

### 2. *Defendant's hypertension*

Defendant argues that he has presented extraordinary and compelling reasons for his release because he suffers from high blood pressure, which he contends makes him susceptible to severe illness should he contract COVID-19. (Doc. # 294, at 3; Doc. # 314, Ex. A.) "Having heart conditions such as heart failure, coronary

artery disease, cardiomyopathies, and *possibly high blood pressure (hypertension)*" are conditions that the Centers for Disease Control and Prevention ("CDC") has recognized "can make [a person] more likely to get severely ill from COVID-19." *See* CDC, People with Certain Medical Conditions, https://www.cdc.gov/ coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions. html (last visited Oct. 27, 2021) (emphasis added). However, a serious medical condition, in order to rise to the level of extraordinary and compelling for purposes of obtaining a sentence reduction under § 3582(c)(1)(A)(i), must "substantially diminish[] the ability of the defendant to provide self-care within the environment of a correctional facility" and be one "from which [the inmate] is not expected to recover." § 1B1.13 cmt. n.1(A).

There is insufficient evidence demonstrating that Defendant's hypertension rises to the level of decline required by § 1B1.13. Evidence is lacking that Defendant's ability to provide self-care within his institution is substantially diminished, and Defendant has not shown that the medical personnel at his designated federal correctional institution are unable to provide him adequate treatment for his medical care. Concerning his treatment for hypertension, Defendant has submitted evidence that he has been prescribed medication to stabilize his blood pressure. (Doc. # 314, Ex. A.) *See also United States v. Sanchez*, No. 2:17CR337-MHT, 2020 WL 3013515, at *1 (M.D. Ala. June 4, 2020) (denying

an inmate's motion for compassionate release in part based on the absence of evidence "that the prison is unable to meet [the inmate's] medical needs" (citing 18 U.S.C. § 3553(a)(2)(D))).

Defendant understandably is concerned about the risks COVID-19 and its variants pose to the inmate population where he is incarcerated, Federal Correctional Institution Oakdale I ("FCI Oakdale I"). Fortunately, on the COVID-19 front, there is a positive development within the BOP. According to its website, the BOP has administered 237,257 doses of the COVID-19 vaccine to its staff and inmates. *See* BOP Covid-19 Vaccine Implementation, available at https://www.bop.gov/coronavirus/index.jsp (last visited Oct. 27, 2021); BOP Statistics, https://www.bop.gov/about/statistics/ (reporting that BOP has approximately 36,000 staff and 155,000 inmates) (last visited Oct. 27, 2021). While Defendant has not indicated whether he has received a COVID-19 vaccine, it appears to be readily available within BOP's facilities, including at FCI Oakdale I. Of the 237,257 doses administered, 199 staff members and 1,726 inmates at Federal Correctional Complex Oakdale ("FCC Oakdale") have received both doses of the COVID-19 vaccine and, thus, have been fully inoculated.[1] *See* BOP COVID-19 Vaccine Implementation,

---

[1] FCC Oakdale comprises two institutions: FCI Oakdale I, which currently houses 912 inmates; and Federal Correctional Institution Oakdale II, which currently houses 1,075 inmates. *See* BOP, https://www.bop.gov/locations/list.jsp (last visited Oct. 27, 2021). Vaccination statistics are available only for FCC Oakdale as a whole and are not broken down by the individual institutions within FCC Oakdale. However, there is data available for the individual institutions

7

https://www.bop.gov/coronavirus/index.jsp (last visited Oct. 27, 2021). These statistics indicate that the vaccination rate at FCC Oakdale exceeds that of the general population in the state of Alabama.

On this record, Defendant's asserted medical condition is insufficient to rise to the level of an extraordinary and compelling reason for a sentence reduction.

C. **The balancing of the § 3553(a) factors**

The § 3553(a) factors, considered in light of Defendant's "current circumstances" and "his circumstances at the time of his original sentencing," do not warrant early release. *United States v. Groover*, 844 F. App'x 185, 188 (11th Cir. 2021). These factors include the nature and circumstances of Defendant's offenses, his history and characteristics, and the need "to reflect the seriousness of the offense, to promote respect for the law, . . . to provide just punishment for the offense," "to afford adequate deterrence to criminal conduct," and "to protect the public from further crimes of the defendant." § 3553(a)(1), (a)(2)(A)–(C).

The nature and circumstances of Defendant's offenses were serious. They involved the kidnapping at gunpoint of two individuals, one of whom was a minor. The details of Defendant's offenses are well known to the undersigned, who presided over Defendant's trial, his sentencing, his habeas proceeding, and his resentencing.

---

for confirmed active cases of COVID-19. Currently, FCI Oakdale I has seven active COVID-19 cases among its inmates and twenty-seven active cases among its staff. *See* BOP Covid-19 Cases, available at https://www.bop.gov/coronavirus/index.jsp (last visited Oct. 27, 2021).

Based on its familiarity with the record, the court finds that the nature and circumstances of Defendant's offenses, in combination with his history and characteristics to date, do not favor release. *See* § 3553(a)(1). Additionally, as to the other applicable § 3553(a) factors, Defendant's release at this juncture—with substantial time remaining on his sentence—would undercut the gravity of his offenses, diminish public respect for the law, negate the deterrent value of punishment, and weaken the value of a just punishment. *See* § 3553(a)(2). Based on consideration of all the circumstances, the balancing of the applicable § 3553(a) factors does not justify Defendant's release.

**D.**     *Danger to the Community*

Finally, Defendant must demonstrate that he "is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." § 1B1.13. All of the factors in § 3142(g) have been considered carefully. After careful deliberation, the court finds that Defendant has failed to meet his burden on this third condition for a sentence reduction.

**E.**     **Conclusion**

Defendant has not met his burden of demonstrating § 3582(c)(1)(A)'s conditions for obtaining a sentence reduction. He, thus, is not entitled to compassionate release.

## III.  ORDER

For the foregoing reasons, it is ORDERED that Defendant's motion for compassionate release (Doc. # 294) is DENIED.

DONE this 28th day of October, 2021.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE
