IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 2:10-CR-55-WKW |
| | ) | [WO] |
| THERRAL HATFIELD | ) | |

## ORDER

Before the court is Defendant Therral Hatfield's *pro se* Motion to Correct Presentence Report Pursuant to Fed. R. Crim. P. 36 and Fed. R. Crim. P. 32(i)(3)(C), as supplemented.  (Docs. # 324, 327.)  The motion is due to be granted in part and denied in part for lack of jurisdiction.

On March 9, 2021, Defendant was resentenced after his successful 28 U.S.C. § 2255 motion to vacate his 18 U.S.C. § 924(c)(1) conviction and sentence on Count 3 of the superseding indictment.  (Doc. # 262.)  As set out in the amended judgment, Count 3 was vacated, and Defendant was resentenced to 240 months on his kidnapping convictions on Counts 2 and 3.  (Doc. # 299.)  Defendant requests that the court "send to the U.S. Bureau of Prisons (BOP) a new copy of his presentence report (PSI) with the court's findings attached from his re-sentencing." (Doc. # 324.) According to Defendant, the BOP is relying on the old presentence report, and, as a result, he "cannot receive the proper treatment and fair status" from the BOP.  (Doc.

# 324, at 2.)  He also challenges the factual statements in the presentence report. (Doc. # 324, at 3–4.)

Rule 32(i)(3)(C) of the Federal Rules of Criminal Procedure—upon which Defendant relies—requires the sentencing court to "append a copy of the court's determinations under this rule to any copy of the presentence report made available to the Bureau of Prisons." Fed. R. Crim. P. 32(i)(3)(C).  The "court's determinations under this rule" include rulings made by the court on "any disputed portion of the presentence report or other controverted matter." Fed. R. Crim. P. 32(i)(3)(B).  The Bureau of Prisons uses the sentencing materials for classification designations.  *See* Custody & Care: Designations, Fed. Bureau of Prisons, https://www.bop.gov/inmates/custody_and_care/designations.jsp (last visited Oct. 17, 2022).  "Rule 32 and the BOP's system work to ensure that the BOP classifies and processes sentenced offenders with the benefit of all relevant and informative sentencing material." *United States v. Murchison*, 865 F.3d 23, 27 (1st Cir. 2017).

The court has confirmed through the United States Probation Office that, after the resentencing hearing, the Bureau of Prisons was provided the updated presentence report (Doc. # 296).  Page 25 of that report contains an addendum that sets out the "changes in the presentence report" resulting from the March 9, 2021 resentencing hearing. (Doc. # 296, at 25.)  For clarification, there is only one presentence report, but the report contains an addendum.  While the "changes in the

presentence report" do not expressly set out that Count 3 was vacated, the amended judgment does.  Nevertheless, to ensure a complete accounting of the resentencing hearing, the court will direct that a copy of the transcript of the March 9, 2021 resentencing hearing be appended to the presentence report for future use by the BOP.

Defendant also contends that the presentence report contains fabricated factual statements because he was the victim, and not the accuser as charged.  (Doc. # 324, at 3–4.)  While Defendant's position contradicts the jury's finding of guilt on Counts 1 and 2, this part of Defendant's motion is beyond the court's jurisdiction. Rule 36—which governs clerical and oversight errors and not the sort of allegedly substantive errors raised by Defendant—does not supply jurisdiction for attacking the accuracy of a presentence report after the sentence has been imposed. Additionally,  Rule 32 of the Federal Rules of Criminal Procedure "standing alone, does not provide the district court with jurisdiction to hear a motion making a post-judgment collateral attack on one's sentence for a Rule 32 violation." *United States v. Fischer*, 821 F.2d 557, 558 (11th Cir. 1987) (per curiam).

Accordingly, it is ORDERED that Defendant's *pro se* Motion to Correct Presentence Report Pursuant to Fed. R. Crim. P. 36 and Fed. R. Crim. P. 32(i)(3)(C) (Doc. # 324), as supplemented (Doc. # 327), is GRANTED only to the extent that a copy of the transcript from the March 9, 2021 sentencing hearing (Doc. # 328) shall

be attached to a copy of Defendant's presentence report, and both documents shall be forwarded to the Bureau of Prisons.  The motion otherwise is DENIED for lack of jurisdiction.

DONE this 18th day of October, 2022.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE