IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIM. CASE NO. 2:10-cr-55-ECM |
| | ) | [WO] |
| THERRAL HATFIELD | ) | |

**MEMORANDUM OPINION and ORDER**

Now pending before the Court is Defendant Therral Hatfield's ("Hatfield") *pro se* motion for compassionate release. (Doc. 340).  According to Hatfield, he has "completed his guideline sentenced range and only remains in prison due to the [mandatory] minimum on Count 2." (*Id.* at 1).  Hatfield also appears to argue that there was insufficient evidence concerning one of the elements of the crime charged in Count 2.  The United States opposes the motion, arguing that Hatfield has not exhausted available administrative remedies and does not otherwise meet the criteria for a sentence reduction.  The motion is ripe for resolution. For the reasons that follow, the Court concludes that Hatfield's motion is due to be denied.

In 2011, this Court sentenced Hatfield to 240 months' imprisonment following his conviction by a jury of two counts of kidnapping. (Doc. 299).  Hatfield's current projected release date from the Federal Bureau of Prisons ("BOP") is June 29, 2027. *See* https://www.bop.gov/inmateloc/ (last visited March 28, 2025).

**DISCUSSION**

"The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." *United States v. Phillips*, 597 F.3d 1190, 1194–95 (11th Cir. 2010).  Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act of 2018,

the Court may reduce a sentence and grant compassionate release when a defendant demonstrates that he has exhausted his available administrative remedies, "extraordinary and compelling reasons" warrant a sentence reduction, and the reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Bryant*, 996 F.3d 1243, 1251 (11th Cir. 2021) ("Section 3582(c)(1)(A) allows a sentence reduction only if 'such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.'").

The applicable policy statement is found in U.S.S.G. § 1B1.13. Pursuant to § 1B1.13, a district court may reduce a sentence if, "after considering the factors found at 18 U.S.C. § 3553(a), to the extent they are applicable," the court determines: (1) there is an extraordinary and compelling reason for release; (2) the defendant is not a danger to the safety of any other person or the community, as provided in 18 U.S.C. § 3142(g); and (3) the reduction is consistent with the policy statement. U.S.S.G. § 1B1.13; *see also United States v. Handlon*, 97 F.4th 829, 831–82 (11th Cir. 2024) (per curiam). Section 1B1.13, as amended in November 2023, defines "extraordinary and compelling reasons" to include: (1) the defendant's medical circumstances; (2) the defendant's age; (3) family circumstances of the defendant, including "[t]he incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent"; (4) the defendant was a victim of abuse while in custody; (5) "other circumstances which, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)"; and (6) if the defendant received an unusually long sentence and other conditions are satisfied.

Thus, in applying § 1B1.13, the Court "considers a defendant's specific circumstances, decides if he is dangerous, and determines if his circumstances meet any of the . . . reasons that could make him eligible for a reduction." *Bryant*, 996 F.3d at 1254.  If the defendant is dangerous or her "circumstances do not match any of the [§ 1B1.13] categories, then he is ineligible for a reduction." *Id.*  "[D]istrict courts may not reduce a sentence under Section 3582(c)(1)(A) unless a reduction would be consistent with 1B1.13." *Id.* at 1262.  Additionally, a defendant may only move for such a reduction after he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [after] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

Hatfield's motion for compassionate release is due to be denied for multiple independent reasons.  First, Hatfield fails to establish that he exhausted his administrative remedies.  He does not even assert, let alone show, that he submitted a request to the warden of his facility, or that he filed the instant motion after 30 days had passed since the warden received his request. *See id.*  His failure to show that he exhausted his administrative remedies is an adequate and independent basis to deny his motion for compassionate release. *See United States v. Lee*, 848 F. App'x 872, 875 (11th Cir. 2021) (per curiam) (holding that the district court did not err in denying the defendant's motion for compassionate release on the grounds that the defendant failed to exhaust administrative remedies);[1] *see also United States v. Tinker*, 14 F.4th 1234, 1237–38 (11th Cir. 2021) (explaining that the absence of one of § 3582(c)(1)(A)'s conditions precludes a sentence reduction).

---

[1] While the Court acknowledges that *Lee* is nonbinding, the Court finds its analysis persuasive.

Even if he had exhausted his administrative remedies, the Court concludes that Hatfield still is not entitled to relief because he does not meet the criteria for compassionate release. As indicated above, the United States Sentencing Guidelines enumerate the extraordinary and compelling reasons that can justify a sentence reduction. *See* USSG § 1B1.13.  But Hatfield does not cite any provision under which he claims to qualify for release, and a review of his motion does not reveal on which provision Hatfield relies.  Rather than addressing age, health issues, family circumstances, or another provision of § 1B1.13, Hatfield instead attempts to relitigate his conviction, which is not a basis for relief here.  Thus, for this additional, independent reason, Hatfield's motion is due to be denied.

## CONCLUSION

Accordingly, for the reasons stated, and for good cause, it is

ORDERED that Hatfield's motion for compassionate release (doc. 340) is DENIED.

DONE this 31st day of March, 2025.

/s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE