IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIM. CASE NO. 2:10-cr-55-ECM |
| | ) | [WO] |
| THERRAL HATFIELD | ) | |

**MEMORANDUM OPINION and ORDER**

Now pending before the Court is Defendant Therral Hatfield's ("Hatfield") *pro se* motion for compassionate release. (Doc. 348).   Hatfield contends that he was sexually assaulted by a male officer on multiple occasions while in the custody of the Federal Bureau of Prisons.   He filed supplements to his motion indicating that the officer has been indicted for the alleged assaults in the United States District Court for the Western District of Louisiana. (Docs. 351, 352).[1]   The Government opposes a sentence reduction. (Docs. 350, 355).   The motion is ripe for resolution.   For the reasons that follow, the Court concludes that Hatfield's motion is due to be denied.

In 2011, this Court sentenced Hatfield to 240 months' imprisonment following his conviction by a jury of two counts of kidnapping. (Doc. 299).   Hatfield's current projected release date from the Federal Bureau of Prisons ("BOP") is June 29, 2027. *See* https://www.bop.gov/inmateloc/ (last visited Apr. 15, 2025).

---

[1] The Government confirms that the male officer was indicted for assaulting Hatfield in the United States District Court for the Western District of Louisiana.  The Government also indicates that it understands that the officer intends to plead guilty.

## DISCUSSION

"The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." *United States v. Phillips*, 597 F.3d 1190, 1194–95 (11th Cir. 2010).  Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act of 2018, the Court may reduce a sentence and grant compassionate release when a defendant demonstrates that he has exhausted his available administrative remedies, "extraordinary and compelling reasons" warrant a sentence reduction, and the reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Bryant*, 996 F.3d 1243, 1251 (11th Cir. 2021) ("Section 3582(c)(1)(A) allows a sentence reduction only if 'such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.'").

The applicable policy statement is found in U.S.S.G. § 1B1.13.  Pursuant to § 1B1.13, a district court may reduce a sentence if, "after considering the factors found at 18 U.S.C. § 3553(a), to the extent they are applicable," the court determines:  (1) there is an extraordinary and compelling reason for release; (2) the defendant is not a danger to the safety of any other person or the community, as provided in 18 U.S.C. § 3142(g); and (3) the reduction is consistent with the policy statement. U.S.S.G. § 1B1.13; *see also United States v. Handlon*, 97 F.4th 829, 831–82 (11th Cir. 2024) (per curiam).  Section 1B1.13, as amended in November 2023, defines "extraordinary and compelling reasons" to include:  (1) the defendant's medical circumstances; (2) the defendant's age; (3) family circumstances of the defendant, including "[t]he incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent"; (4) the defendant was a victim of abuse while

2

in custody; (5) "other circumstances which, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)"; and (6) if the defendant received an unusually long sentence and other conditions are satisfied.

Thus, in applying § 1B1.13, the Court "considers a defendant's specific circumstances, decides if he is dangerous, and determines if his circumstances meet any of the . . . reasons that could make him eligible for a reduction." *Bryant*, 996 F.3d at 1254. If the defendant is dangerous or his "circumstances do not match any of the [§ 1B1.13] categories, then he is ineligible for a reduction." *Id.* "[D]istrict courts may not reduce a sentence under Section 3582(c)(1)(A) unless a reduction would be consistent with 1B1.13." *Id.* at 1262.

The Government argues that Hatfield is not entitled to compassionate release because the abuse to which he was subjected has not been established by a criminal conviction as required by U.S.S.G. § 1B1.13, because he is dangerous, and because the § 3553(a) factors do not support a sentence reduction. In evaluating a motion for compassionate release, the Court must consider whether Hatfield is "a danger to the safety of any other person or the community, as provided under section 3142(g)." 18 U.S.C. § 3582(c)(1)(A)(ii). Factors relevant to the § 3142(g) inquiry include whether the offense involved a minor victim or a firearm. 18 U.S.C. § 3142(g)(1). Additionally, in assessing the § 3553(a) factors, the Court considers, among other factors, the nature and circumstances of the offense; Hatfield's history and characteristics; and the need for his sentence to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment, to afford adequate deterrence to criminal conduct, and to protect the public from further crimes.

3

After careful consideration, the Court finds that Hatfield is dangerous and that the § 3553(a) factors counsel against granting compassionate release. Hatfield's offense conduct was extremely serious and involved both a firearm and minor victims, which supports a finding that he is dangerous. *See* 18 U.S.C. § 3142(g)(1). Armed with a gun, Hatfield kidnapped his two-year-old son, his girlfriend (his son's mother), and his girlfriend's eight-year-old daughter, held them at gunpoint, and threatened to kill them on multiple occasions while he drove on the interstate. At one point, Hatfield pointed a gun at his son's head and threatened to kill everyone in the car. This conduct reflects a complete lack of respect for the safety and wellbeing of others. Considering the nature and circumstances of the offense, the Court finds that a sentence reduction is inappropriate because it would not adequately reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, or afford adequate deterrence. Additionally, before this violent kidnapping, Hatfield was physically violent towards his girlfriend on multiple occasions, including while she was pregnant with his son. In one instance, he discharged a firearm during an argument with her. Hatfield's violent history and the need to protect the public from further crimes also supports a finding that a sentence reduction is not appropriate. Consequently, the Court finds that Hatfield's motion for compassionate release is due to be denied.[2] While the sexual assaults which Hatfield claims to have suffered are abhorrent and unacceptable, Hatfield nonetheless

---

[2] Because the Court has determined that Hatfield's dangerousness and the § 3553(a) factors preclude relief, the Court pretermits discussion of whether Hatfield's circumstances match one of the U.S.S.G. § 1B1.13 categories.

is not entitled to compassionate release on this record based on the Court's findings on the

other statutory criteria.[3]

## CONCLUSION

Accordingly, for the reasons stated, and for good cause, it is

ORDERED that Hatfield's motion for compassionate release (doc. 348) is DENIED.

DONE this 15th day of April, 2025.

/s/ Emily C. Marks
_____
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE

---

[3] Hatfield does not contend that the officer poses an ongoing threat to him. And based on the Court's review, it appears that the officer is prohibited from working in a jail or prison as a condition of his bond. (*See* doc. 17 at 3 in *United States v. Fournet*, Case No. 1:24-cr-258-JE-JPM (W.D. La. Dec. 6, 2024)).